contention of the occurrence as to which he could testify, but that created no presumption against the defendant.

It appears in the record that, in summing up, counsel for the plaintiff commented upon the failure of counsel for the defendant to call Whalen as a witness, stating to the jury that it was a rule of law that he who fails to produce a witness who would know of the circumstances which are being testified to the presumption is against him, and the jury may take that presumption and call for the application of the rule which shows a presumption against this defendant because of his failure to produce the other investigator or notary public. Counsel for the plaintiff also called for the application of that principle of law for the reason that the defendant failed to produce the passengers in the car. This claim by the plaintiff's counsel as to the effect of failing to call these witnesses sustained by the court was not justified by the rule.

There was a sharp question of fact presented as to the liability of the defendant for this injury, and, while the evidence would not justify the court in reversing the judgment upon the ground that the verdict was against the weight of evidence, there are circumstances connected with the plaintiff's evidence which subjects it to criticism. It may well be that the jury considered the instructions that they had received as justifying them in assuming that they could act upon the presumption that the court had told them affected the defendant's whole case and based their verdict upon such presumption, instead of a consideration of the testimony considered in the light of the incidents which had appeared upon the trial, and which they were only entitled to consider in determining the weight to be given to the evidence. I think, therefore, that the instruction given to the jury to which attention has been called requires a reversal of the judgment.

The judgment and order appealed from is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; HOUGHTON, J., on last ground.

(118 App. Div. 107)

## STAR FIRE INS. CO. v. RING.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

PRINCIPAL AND AGENT—TERMINATION OF AGENCY—INJUNCTION.

A principal having terminated, though wrongfully, its agent's authority to write and issue insurance policies for it, he has no right to issue such contracts binding on it, and it may enjoin his doing so; his remedy being for breach of contract.

Appeal from Special Term, New York County.

Action by the Star Fire Insurance Company against Charles E. Ring, impleaded. From an interlocutory judgment sustaining a demurrer to the complaint, on the ground that it states no cause of action, plaintiff appeals. Reversed, and demurrer overruled.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Arnold L. Davis, for appellant.
Holmes Jones, for respondent.

HOUGHTON, J.   The complaint alleges that on the 2d day of November, 1903, through plaintiff's general agents and managers, the defendant, Ring, was appointed local agent for plaintiff, with power to write and issue policies of fire insurance, and that thereafter, and on the 9th day of August, 1904, such appointment was revoked and annulled, and that, notwithstanding such revocation, the defendant continues to act as agent, claiming the power to write and issue insurance policies binding upon plaintiff.   The relief asked is that the defendant be restrained and enjoined from issuing insurance purporting to bind plaintiff, and that he be required to deliver up all policies and books pertaining to such agency.   The contract appointing the general agents of plaintiff, who appointed defendant, and his contract with such general agents, as well as the revocation of agency, are annexed to the complaint and made a part thereof.

By the contract that was entered into with defendant by the general agents of plaintiff, the agency was to continue, for a valuable consideration, for the period of five years.   This provision of the contract with respect to the period for which the agency should continue was deemed by the learned court below in considering the demurrer interposed by defendant as controlling upon the right to terminate the agency, and hence he concluded that because there was no legal right to revoke the agency it remained unrevoked and that the agency still continued, and that, therefore, the complaint stated no cause of action.   The question presented is not whether the plaintiff had any right to discharge the defendant and terminate his agency, but whether either rightly or wrongly it has in fact done so.

The complaint shows that plaintiff has terminated the agency and revoked defendant's authority to write policies of insurance in its behalf.   This being the fact, defendant has no further right to continue to act as agent or to assume to write contracts of insurance binding upon plaintiff, and plaintiff has the right to enjoin him from continuing so to do.   The continuance of such a practice might be highly injurious to plaintiff, and equity will aid in enforcing its discontinuance.   If the plaintiff has been guilty of a breach of its contract with defendant, he has his remedy for damages; but he cannot continue to act as agent after revocation, although such revocation may have been wrongful.   The complaint, therefore, states a good cause of action, and the demurrer was improperly sustained.

The interlocutory judgment sustaining the demurrer should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw demurrer and to plead over, on payment of costs in the court below and of this appeal.   All concur.