HENRI GUTMANN SILKS CORPORATION, Appellant, *v.* MICHAEL J. K. REILLY, Respondent.

First Department, November 7, 1919.

Corporation — suit for an injunction — interference with business of corporation by discharged officer — injunction pendente lite granted — director not enjoined from acting as such.

Where a complaint of a business corporation in substance alleges that the defendant, who was an assistant general manager, has been discharged because of an unwarranted attack upon the character of the president and general manager but that the defendant, disregarding his discharge, continues to come to the premises and engage in the business and assumes to act as when employed, which tends to destroy the efficiency and

discipline of the plaintiff's employees and results in the loss of sales and customers, etc., it is proper for the court to issue an injunction *pendente lite* restraining the defendant from ignoring the discharge or doing the acts aforesaid.

But the injunction should not go so far as to restrain the defendant from performing his duties as a director of the corporation.

APPEAL by the plaintiff, Henri Gutmann Silks Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of July, 1919, denying its application for an injunction *pendente lite.*

*Francis M. Scott* of counsel [*Mark Ash* with him on the brief; *Alexander & Ash,* attorneys], for the appellant.

*R. Randolph Hicks* of counsel [*Satterlee, Canfield & Stone,* attorneys], for the respondent.

PHILBIN, J.:

The defendant was employed by the plaintiff corporation, a dealer in silks and other textiles, as assistant general manager at a salary of $5,000 per year and five per cent of the net profits, the latter to be paid at the end of the term of employment. The defendant was also a director and vice-president of plaintiff. It was stated on the argument that his term of office as such would expire in January next. The defendant was discharged on June 12, 1919, pursuant to a resolution by the directors of the plaintiff which recited in brief that defendant had made an unwarranted attack upon the character of the president and general manager. It was resolved that because of that, and defendant's refusal to work with the manager, he should be discharged. The complaint sets forth that after defendant was discharged he declared to plaintiff that he would disregard the resolution and would continue to come to the premises and engage in business there until his contract of employment ended on November 1, 1920; that defendant has done so, attending at plaintiff's premises from nine A. M. to five P. M. daily and has assumed to act as when employed. It is further alleged that his presence interferes with the president and general manager in the discharge of his duties; that defendant's attendance tends to destroy the efficiency and discipline of plaintiff's sales force and

employees; that if defendant is not restrained there will be a loss in sales and of customers, and breach of duty by other employees causing irreparable damage; that defendant has an adequate remedy at law for damages for alleged wrongful discharge as plaintiff has a paid-up capital of $250,000. It is further alleged that defendant as vice-president is, under the by-laws, only to perform such duties " as may be assigned to him by the board of directors; " that no duty has been assigned.

While the defendant denies in his answering affidavit that that he made the statements upon which the resolution discharging him was based, it is obvious from a reading of his affidavit that he is antagonistic, to express it conservatively, to the president and general manager. Defendant denies that his attendance at the plaintiff's place injures the business or tends to disrupt it. It clearly appears that he insists upon fulfilling his former duties notwithstanding his discharge. He should not be permitted to ignore the discharge and he should be restrained from doing so. (*Star Fire Insurance Co.* v. *Ring,* 118 App. Div. 107.)

The order should provide that the defendant be restrained from acting or claiming to act as assistant general manager and from performing or attempting to perform any act or acts similar to those performed by him by virtue of his employment as said assistant general manager prior to his discharge on June 12, 1919, but not restraining him from performing his duties as director.

In permitting the defendant to act as director we recognize the fact that there is more to the duties of such office than merely attending directors' meetings. Nevertheless, we do not anticipate that the defendant will be unwise enough to seek to nullify the effect of the injunction by interfering with the conduct of plaintiff's business under the guise of performing his duties as director.

The order denying plaintiff's motion should be reversed, with ten dollars costs and disbursements, and the motion granted, as above stated, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to extent stated in opinion.