MORRIS BLEENDES, Individually and as Stockholder, Officer and Director of JAMOSA HOLDING CORPORATION, Appellant, *v.* SAMUEL FELLERMAN, JACOB FELLERMAN and SAMUEL M. FELLERMAN, Individually and as Officers and Directors of JAMOSA HOLDING CORPORATION, and JAMOSA HOLDING CORPORATION, Respondents.*

Second Department, June 1, 1942.

* See *Bleendes* v. *Jamosa Holding Corp.* (264 App. Div. 859).

*Zarah Williamson* [*Samuel K. Goldstein* with him on the brief], for the appellant.

*Solomon Millendorf*, for the respondents.

PER CURIAM. Action in equity by one Bleendes, individually and as stockholder, officer and director of a corporation, against three defendants, individually and as officers and directors of the same corporation, and against the Jamosa Holding Corporation for equitable relief — to have certain action taken at a meeting of the board of directors declared void; to require a rescission thereof; to restrain the defendants from dissolving the corporation and to restrain the defendants from interfering with the presence of Bleendes as manager of a specified theatre. He also sought damages against the individual defendants but not against the corporate defendant. The theatre had been constructed under an agreement of the parties which recognized that Bleendes had the status of stockholder and provided that for services rendered he was to acquire further stock and in addition was to become general manager of the theatre at a specified salary after its operation was begun.

The answer of the defendants denied certain allegations of the complaint but interposed no affirmative defenses. A second action, begun about the same time by Jamosa Holding Corporation alone against Bleendes, sought equitable relief restraining Bleendes from trespassing upon its premises and from interfering with the operation of its business.

Both actions seem to have been tried together and a judgment ensued granting to Bleendes certain relief. It restrained the defendants from dissolving the corporation and dismissed the

complaint in all other respects. It granted no further affirmative relief to the Jamosa Holding Corporation, as sought in its separate equity action.

The pleadings did not tender an issue as to whether Bleendes was rightfully or wrongfully discharged as an employee of the defendant corporation. The equitable relief that was denied to him was properly so denied because he was not entitled thereto, whether he was rightfully or wrongfully discharged. (*Star Fire Insurance Co.* v. *Ring*, 118 App. Div. 107.) The equitable relief which was accorded to him could only be had as a consequence of his status as a stockholder, which rested on an admission in a recital in the agreement of May 7, 1936, and also existed independently of it. His hiring thereunder as an employee, on a salary basis, in connection with the construction and operation of the theatre, was independent of and certainly in addition to the provisions relating to his acquisition of further stock in the corporation. If, as the court found, the contract was breached by Bleendes, no relief could be granted to him under it. Nevertheless he was granted relief despite an unnecessary finding that he breached the contract. Hence the relief could be granted, if at all, only because of his admitted status as stockholder, and defendants have acquiesced in the granting of this relief. In order to grant the equitable relief which Bleendes sought, it was not necessary to determine whether he had been rightfully or wrongfully discharged. Moreover, in the exercise of sound discretion the court, even though it had equitable jurisdiction of the controversy between the parties, should relegate Bleendes to an action at law for relief in respect of his employment rights under the contract, especially since the defendants properly took a position that his remedy, if any, as an employee should be determined in an action at law. (30 C. J. S., Equity, § 67, p. 419; 1 Pomeroy's Eq. Juris. [4th ed.] § 130.) It may well be that it is not necessary to reverse these findings since they were immaterial, but doing so clarifies the situation and precludes an unjust assertion that any controversy in this regard is *res judicata* between the parties.

The judgment, in so far as appealed from, should be affirmed, with costs. The interests of justice, however, require that finding No. 21 and findings Nos. 23–29, both inclusive, be reversed and that conclusions of law Nos. 2 and 3 be disapproved.

The appeal from the order dated May 17, 1940, should be dismissed, without costs, as academic.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

Judgment, in so far as appealed from, unanimously affirmed, with costs. In the interests of justice findings Nos. 21 and 23 to 29, inclusive, are reversed and conclusions of law Nos. 2 and 3 are disapproved.

Appeal from order dated May 17, 1940, dismissed, without costs, as academic.